Slip Op. 00-30

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| | : | |
| MARION OWEN SAVAGE | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Before: MUSGRAVE, JUDGE** |
| | : | |
| HERMAN, SECRETARY OF LABOR | : | Court No. 99-02-00097 |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

In this action, plaintiff, proceeding *pro se*, seeks review of the Department of Labor's determination that he was ineligible for trade adjustment assistance benefits after his employment with Hooper Trucking Company, Odessa, TX, was terminated. Plaintiff filed this action on February 18, 1999 and a scheduling order was entered on July 22, 1999. Pursuant to the scheduling order, which was agreed to by both parties, plaintiff was to file his motion and brief for judgment upon the agency record, pursuant to Rule 56.1 of the Rules of this Court, by September 15, 1999. Plaintiff did not file his motion and brief by this deadline and made no request for an extension of time in which to file. Shortly after the deadline passed, a member of the Court's case management staff made several attempts to contact plaintiff by phone. Plaintiff was not at home to receive these calls, but messages were left with persons who identified themselves as relatives of the plaintiff. Plaintiff never returned these phone calls or made any further written submissions to the Court.

On February 9, 2000, the Court sent a letter to plaintiff which explained that he had missed

the original deadline for filing his motion and brief and recounted the Court's efforts to contact him by phone.  The Court stated that even though the original deadline had passed, it would still accept plaintiff's motion and brief if they were filed by March 10, 2000.  If plaintiff was no longer interested in pursuing this action, the Court asked that he submit a letter stating this fact.  The Court informed plaintiff that if it did not receive either a brief or letter by March 10, 2000, it would assume that plaintiff was no longer interested in pursuing this action, and the action would be dismissed.

To date, plaintiff has made no submission to the Court; therefore, it is hereby

**ORDERED** that, pursuant to Rule 41(b)(2) of the Rules of this Court, this action is dismissed for lack of prosecution.

_____
R. KENTON MUSGRAVE, JUDGE


Dated: March 24, 2000
       New York, New York